**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0038-18T4

PETER JUNGKUNST and
JACQUI WENZEL,

      Plaintiffs-Appellants,

v.

MAYOR AND TOWNSHIP
COUNCIL OF THE TOWNSHIP
OF OCEAN and OCEAN
TOWNSHIP PLANNING BOARD,

      Defendants-Respondents.

_____

        Argued January 23, 2020 – Decided September 4, 2020

        Before Judges Suter and DeAlmeida.

        On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Docket No. L-1467-18.

        Dennis Michael Galvin argued the cause for appellants (Davison, Eastman, Munoz, Paone, PA, attorneys; Dennis Michael Galvin, of counsel and on the brief; Peter Jungkunst and Jacqui Wenzel, on the pro se brief).

        Martin J. Arbus argued the cause for respondent Mayor and Township Council of the Township of Ocean

(Arbus, Maybruch & Goode, attorneys; Martin J. Arbus, on the brief).

Sanford D. Brown argued the cause for respondent Ocean Township Planning Board.

PER CURIAM

Plaintiffs Peter Jungkunst and Jacqui Wenzel appeal the July 20, 2018 orders that dismissed their complaint in lieu of prerogative writs under Rules 4:6-2 and 4:69-6. The complaint challenged the validity of Ocean Township Ordinance 2303 (the Ordinance), claiming it was not substantially consistent with Ocean Township's Master Plan and amendments (count one), and alleged plaintiffs were denied due process by the Ocean Township Planning Board (Planning Board) because it did not permit public comment about the Ordinance (count two). We affirm the trial court's orders.

## I.

The Ordinance was adopted by the Ocean Township Council (Council) on March 8, 2018. Pa4. It rezoned lot 19.01, block 33 to "C-7 Community Mixed Use."

The Ordinance was introduced on November 9, 2017, and referred to the Planning Board pursuant to N.J.S.A. 40:55D-26(a) and 40:55D-64 for its determination whether the Ordinance was substantially consistent with the

Township's 1990 Master Plan and Plan amendments. James Higgins, the Township Planner, provided a report to the Planning Board on November 21, 2017, in which he concluded the Ordinance was substantially consistent. He described the area as:

> approximately [twenty-eight] acres that are isolated from the surrounding commercial and residential uses . . . . [T]he site is bordered by wetlands and flood plains to the north, the municipal library, historical society and human services complex to the east; Deal Road, open space and the rear of residential properties across Deal [Road] to the south; and commercial uses across Route 35, including [five] lanes of traffic and a barrier. Because of this isolation, the site is unique in the Township. The site is currently vacant and wooded.

Higgins described the zoning history of the parcel. Until 1987, the front or western portion was zoned "C-2," meaning commercial uses were permitted, and the rear portion to the east was zoned "R-1" residential. The zoning in the front section was changed over the years from C-2 to O-2 and then O-1/80, which permitted office uses and accessory retail uses. The rear portion was changed to R-1T and would permit forty residences. When the 1990 Master Plan was reexamined in 2000 and the reexamination report was adopted, "the area was designated to include an overlay zone, which provided for intensive commercial use on the entire portion of the area . . . ." The overlay would permit all commercial uses in the C-2 zone. It also would have permitted sixty-one

3

residential units with a minimum lot size of 22,500 square feet in the eastern portion. In 2005, the zoning was changed again, to a "C-6" zone, which "removed the underlying zoning and overlay zone, and permitted commercial development with up to [one hundred] senior apartments above the commercial uses . . . ." This included personal services, neighborhood retail services, restaurants, community retail and offices. Higgins noted the area was never designated for acquisition for conservation, open space or recreation.

The Ordinance provided for commercial use in the western portion and residential use in the eastern portion "in the form of either townhouses or single family residential . . . ." Higgins concluded "based on the past Master Plan treatment, past actions of the Planning Board, past zoning of the site, and the unique character of the site, proposed Ordinance 2303 is consistent with the intent and purpose of the Master Plan as it relates to future development of this site."

The Planning Board considered the Ordinance at its regular meeting on November 27, 2017. It did not take comments from the public. "While the issue of public comment was being discussed [by the Board], the members of the public became unruly and started shouting and disturbing the meeting." The Board voted unanimously to recommend approval of the Ordinance to the

Township Council. In a memorandum by Ronald Kirk, Director of Community Development, he reported to the Township Clerk that the Planning Board concluded "the proposed Ordinance was substantially in conformance with the Township's Master Plan."

The Township Council initially scheduled a public hearing about the Ordinance in December 2017 but rescheduled it to March 8, 2018. By that time, the Ordinance had been modified to increase "certain buffers between the proposed development and the neighboring property owners."

On March 8, 2018, following notice and publication, the Township Council conducted a three-hour public hearing about the Ordinance. The Council limited public comments to five minutes but allowed commenters to speak more than once. At the conclusion of the public hearing, the Council voted to approve the Ordinance.

On April 23, 2018, plaintiffs filed a complaint in lieu of prerogative writs. Count One alleged the Ordinance violated N.J.S.A. 40:55D-62(a), which requires zoning ordinances to be "substantially consistent" with the land use element of the Township's Master Plan. Count Two alleged the Planning Board failed to comply with due process at its November 27, 2018 public hearing by "den[ying] the public from commenting or giving any testimony with respect to

the proposed Ordinance." Plaintiffs requested a declaration the Ordinance is not consistent with the Master Plan or the 2000 reexamination, or a finding the Council did not justify inconsistencies and a declaration the Ordinance is void ab initio.

Defendant Planning Board filed a motion to dismiss the complaint under Rules 4:6-2(a) and 4:69-6. Defendants Mayor and Council also filed a motion to dismiss or for summary judgment.

In support of the motion, Higgins certified his November 2017 review of the Ordinance showed it was "substantially consistent with the intent and purposes of the Master Plan and its amendments." It provided for critical roadway improvements and for commercial development at the site. The same C-2 uses were permitted in the front portion. The back portion permitted "less intensive residential development, as opposed to a large commercial development . . . ." There also would be substantial buffering as indicated in the Master Plan and reexamination report. He noted that under the 2005 zoning amendment, one hundred residential units were allowed above the commercial space. Kirk certified the Planning Board adopted the 2000 reexamination of the Master Plan on December 11, 2000.

A-0038-18T4

Plaintiffs opposed the motions, submitting a certification from Peter Steck, a professional licensed planner, who asserted the Planning Board never amended the 1990 Master Plan to include the 2000 reexamination. He opined the Ordinance "include[ed] for the first time retail and personal service uses, restaurants, as well as automotive service stations with convenience stores" and town houses. He concluded the Ordinance was not substantially consistent with either the Master Plan or the 2000 reexamination report. Because of this, an explanatory resolution was needed by the Council to approve the Ordinance, but this procedure was not followed. He did not mention the 2005 amendments. There is no indication his opinions were provided to the Council or the Planning Board prior to their approvals.

The court heard the motions on July 20, 2018 and dismissed the complaint. The court found the Township adopted a Master Plan in 1990, which designated the front portion of the tract for commercial use and the rear portion for residential use. The 2000 reexamination report proposed development of the entire tract for commercial use. There also was a 2005 amendment that zoned the entire parcel as commercial and allowed one hundred residential units to be built above the retail space. This was not challenged as inconsistent with the 1990 Master Plan or the 2000 reexamination report.

A-0038-18T4

The court found the Planning Board was not required by N.J.S.A. 40:55D-62(a) "to hold a public hearing or take public comment upon a proposed ordinance" but is to "review the proposal and provide its review to the governing body." The court dismissed plaintiffs' claim against the Planning Board, finding no legal basis for it.

The court found plaintiffs did not comply with Rule 4:69-4, which required them to certify they ordered the official transcripts of all relevant proceedings. Plaintiffs did not supply a transcript of the November 9, 2017 proceeding. Also, the transcripts of the November 27, 2017 and March 8, 2018 proceedings, which were supplied, did not indicate who prepared them.

The court rejected plaintiffs' claim the reexamination report from 2000 was not adopted officially. There was unrebutted proof this amendment was adopted by the Board on December 11, 2000.

The court found plaintiffs did not show the Ordinance was arbitrary, capricious or unreasonable. Procedurally, all requirements of the statute were met. The Ordinance was "substantially consistent" with the Master Plan and amendments. There was no basis for the case to go forward.

On appeal plaintiffs raise these issues:

A-0038-18T4

POINT I
PRIOR TO ZONING ORDINANCE #2303 LOT-TRACT WAS ZONED OFFICE IN THE 1990 MASTER PLAN AND C-2 AND C-6 BY PRIOR ZONING ORDINANCES.

POINT II
REEXAMINATION REPORTS ARE NOT THE SAME AS THE 1990 MASTER PLAN.

POINT III
ORDINANCE #2303 VIOLATES THE MUNICIPAL LAND USE LAW AND IS INCONSISTENT [WITH] SOUND PLANNING.

POINT IV
A TRIAL COURT MUST HOLD A PLENARY HEARING WHEN A COMPLAINT RAISES A GENUINE ISSUE OF MATERIAL FACT.

In their reply brief, plaintiffs argue:

I.   THIS MATTER SHOULD NOT HAVE BEEN DISMISSED DUE TO THE QUALITY OF THE TRANSCRIPTS[.]

II.   THE COURT BELOW ERRED BY DECIDING THIS MATTER ON A MOTION TO DISMISS WITHOUT CONDUCTING A CASE MANAGEMENT CONFERENCE AS REQUIRED BY RULE 4:69-4[.]

II.

"[W]hen reviewing the decision of a trial court that has reviewed municipal action, we are bound by the same standards as was the trial court."

Fallone Props., LLC v. Bethlehem Twp. Planning Bd., 369 N.J. Super. 552, 562 (App. Div. 2004). Therefore, our review here is limited.

"[P]ublic bodies, because of their peculiar knowledge of local conditions, must be allowed wide latitude in their delegated discretion." Jock v. Zoning Bd. of Adjustment, 184 N.J. 562, 597 (2005). Therefore, "[t]he proper scope of judicial review is not to suggest a decision that may be better than the one made by the board, but to determine whether the board could reasonably have reached its decision on the record." Ibid. As a reviewing court, we are not to substitute our judgment for that of the local board unless there is a clear abuse of discretion. Cell S. of N.J., Inc. v. Zoning Bd. of Adjustment, 172 N.J. 75, 82 (2002) (citing Med. Realty Assocs. v. Bd. of Adjustment, 228 N.J. Super. 226, 233 (App. Div. 1988)).

"A presumption of validity attaches to a zoning ordinance that may be overcome only if an opponent of the ordinance establishes the ordinance is 'clearly arbitrary, capricious or unreasonable, or plainly contrary to fundamental principles of zoning or the [zoning] statute.'" Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 380 (1995) (alteration in original) (quoting Bow & Arrow Manor, Inc. v. Town of W. Orange, 63 N.J. 335, 343 (1973)). "[A] court may declare an ordinance invalid if in enacting the ordinance the

municipality has not complied with the requirements of the statute." Riggs v. Long Beach Twp., 109 N.J. 601, 611 (1988) (citing Taxpayer Ass'n of Weymouth Twp., Inc. v. Weymouth Twp., 80 N.J. 6, 21 (1976)). "Anyone challenging an ordinance [or resolution] as arbitrary or unreasonable bears a heavy burden." First Peoples Bank v. Twp. of Medford, 126 N.J. 413, 418 (1991) (citing Dome Realty, Inc. v. City of Paterson, 83 N.J. 212, 235 (1980)).

To determine the validity of an ordinance, Riggs applied these tests:

> First, the ordinance must advance one of the purposes of the [Municipal Land Use Law] as set forth in N.J.S.A. 40:55D–2. Second, the ordinance must be substantially consistent with the land use plan element and the housing plan element of the master plan or designed to effectuate such plan elements, unless the requirements of that statute are otherwise satisfied. Third, the ordinance must comport with constitutional constraints on the zoning power, including those pertaining to due process, equal protection, and the prohibition against confiscation. Fourth, the ordinance must be adopted in accordance with statutory and municipal procedural requirements.
>
> [Griepenburg v. Twp. of Ocean, 220 N.J. 239, 253 (2015) (quoting Riggs, 109 N.J. at 611–12 ).]

We are satisfied plaintiffs have not presented sufficient grounds to overcome the Ordinance's presumption of validity. We agree with the trial court that the Ordinance was not arbitrary, capricious, or unreasonable.

11

Plaintiffs have not shown that the Township Council or Planning Board failed to follow appropriate procedures in adopting the Ordinance. Plaintiffs believed they would be able to make public comments before the Planning Board. However, "public bodies are given discretion in how to conduct their meetings." Kean Fed'n of Teachers v. Morell, 233 N.J. 566, 571 (2018) (citing N.J.S.A. 10:4-12(a)). In this case we find no violation by the Planning Board. See William M. Cox & Stuart R. Koenig, N.J. Zoning & Land Use Administration § 10-2.1 at 152 (2020). The Council then held a three-hour public hearing. Although it set a five-minute time limit for comments, the Council allowed individual citizens to address the Council multiple times. Plaintiffs addressed the Council three separate times.

Plaintiffs contend the Ordinance is not substantially consistent with the 1990 Master Plan or the 2000 reexamination report. "[An] ordinance must be substantially consistent with the land-use plan element and the housing plan element of the Master Plan except for a few statutory exemptions . . . ." Manalapan, 140 N.J. at 380; see N.J.S.A. 40:55D–62(a). The requirement that zoning ordinances be "substantially consistent" with the master plan "permits some inconsistency, provided it does not substantially or materially undermine or distort the basic provisions and objectives of the Master Plan." Riya

A-0038-18T4

Finnegan, LLC v. Twp. Council of S. Brunswick, 197 N.J. 184, 192 (2008) (quoting Manalapan, 140 N.J. at 384).

The 1990 Master Plan allowed for commercial development in the western portion of the track and residential development in the eastern portion. The 2000 reexamination "recommended . . . overlay zones," and that the "prior underlying assumption that an area can be properly zoned for only one use be modified to include the implementation of the planning tool of 'overlay zoning' . . . ." The 2000 reexamination allowed for cluster development of sixty-one units with a minimum lot size of 22,500 square feet in the eastern portion. The 2005 amendment allowed C-2 zoning throughout the parcel but limited the size of the units. It allowed one hundred residences above the commercial site. Because the Ordinance continues to allow for commercial development in the front portion of the parcel and for residential development of the eastern portion of this lot, we agree the trial court did not err by finding that the Council was not arbitrary, capricious or unreasonable in concluding the Ordinance substantially complied with the Master Plan, the 2000 reexamination and the 2005 zoning amendment.

There is no indication that plaintiffs' expert testified before the Council or that his opinion was part of the record before the Council or the Planning Board.

A-0038-18T4

Moreover, his certification did not reference the 2005 amendments that allowed for commercial uses throughout the tract. And, to the extent the certification indicated there were first time commercial uses allowed by the Ordinance, the record did not support this.

In their reply, plaintiffs argue there should have been a case management conference. They also argue the case should not have been dismissed due to the quality of the transcripts. Neither argument was raised by plaintiffs in their merits brief. See Drinker Biddle & Reath, LLP v. N.J. Dep't of Law & Pub. Safety, Div. of Law, 421 N.J. Super. 489, 496 n.5 (App. Div. 2011) (noting that claims not addressed in merits brief are deemed abandoned). That said, a case management conference would have been helpful regarding the transcripts, but plaintiffs do not refute that the 2000 reexamination report was adopted by the Planning Board, that there was a 2005 amendment to the zoning, or that Steck did not testify before the Council or submit his position to the Planning Board. There is no indication the decision by Council was expedited. Council scheduled the ordinance for December 2017 but then adjourned it until March 2018. Plaintiffs cite no reason that a motion to dismiss or for summary judgment was not permitted by the Rules in prerogative writs matters. Plaintiffs do not say in what manner the non-produced transcripts would have aided their causes.

A-0038-18T4

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-0038-18T4